IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN ATH, | : | CIVIL ACTION NO. 3:24-CV-2187 |
| | : | |
| Petitioner | : | (Judge Neary) |
| | : | |
| v. | : | |
| | : | |
| J. GREENE, | : | |
| | : | |
| Respondent | : | |

**MEMORANDUM**

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Sean Ath, argues that the United States Bureau of Prisons ("BOP") has improperly deemed him ineligible for time credits under the First Step Act ("FSA"). The petition will be denied.

**I.      Factual Background & Procedural History**

Ath is serving a 120-month sentence of imprisonment imposed by the United States District Court for the District of South Carolina for conspiracy to possess with intent to distribute methamphetamine, use of a communication facility to aid a felony drug offense, and possession with intent to distribute methamphetamine. (Doc. 6-2 at 2). He is currently housed in Allenwood Low Security Correctional Institution ("LSCI-Allenwood").

Ath filed his petition for writ of habeas corpus on December 13, 2024, and it was received and docketed on December 18, 2024. (Doc. 1). Ath, who is a native and citizen of Cambodia, asserts that the BOP has deemed him ineligible for time credits under the FSA because he is subject to a final order of removal from the

United States. (Id. at 5). He argues that this is improper because he is challenging his removal order on appeal, and it therefore is "not final." (Id.) Respondent responded to the petition on February 18, 2025, arguing that the petition should be denied because Ath's removal order qualifies as final, and he is therefore ineligible for FSA time credits. (Doc. 7).

**II.    Discussion**

The FSA allows eligible inmates who successfully complete "evidence-based recidivism reduction programs" ("EBRRs") or productive activities ("PAs") to receive earned time credits to be applied toward time in pre-release custody or supervised release. 18 U.S.C. § 3632(d)(4)(A). An inmate may earn ten days of credit for every thirty days of successful participation. Id. Eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn an additional five days of credit for every thirty days of successful participation. Id. A prisoner is ineligible to have FSA time credits applied to his sentence if he "is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E).

Ath's petition challenges the BOP's decision to deem him ineligible for FSA time credits based on a final order of removal. (Doc. 1). He argues his removal order is not final because he is challenging it on appeal. (Id.) Respondent argues the removal order is final because the Board of Immigration Appeals ("BIA") has upheld the order. (Doc. 6).

Respondent is correct. An order of removal "become[s] final upon the earlier of":

>    **(i)** a determination by the Board of Immigration Appeals affirming such order; or
>
>    **(ii)** the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals.

8 U.S.C. § 1101(a)(47)(B); accord Riley v. Bondi, 606 U.S. __, 145 S. Ct. 2190, 2198 (2025). Here, the BIA has affirmed Ath's order of removal from the United States. (See Doc. 6-5). Thus, he is ineligible to have FSA credits applied to his sentence because he is subject to a "final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E). His petition will accordingly be denied.

### III.    Conclusion

The petition for writ of habeas corpus is denied. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    September 22, 2025